UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ODIS HENDERSON JR., ET AL. | CIVIL ACTION NO. 20-1030 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| TOWN OF GREENWOOD, ET AL. | MAGISTRATE JUDGE HAYES |

### Memorandum Ruling

Before the Court is Plaintiffs' motion for a temporary restraining order and preliminary injunction and Defendant Fluid Disposal Specialties, Inc.'s ("FDSI") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Record Documents 12 and 13. Plaintiffs seek a preliminary injunction ordering FDSI to refrain from "any activity including removal of dirt, destruction of buildings or property and construction of any building or structures of any kind on the property at issue in this case." Record Document 12 at 8, ¶ 27c. The Court sought additional briefing from the parties regarding whether it had supplemental jurisdiction over Plaintiffs' request for a preliminary injunction. Record Document 15. The Court ordered that Plaintiffs address this issue in their opposition to FDSI's motion to dismiss. *Id.* All three parties have now filed briefing as ordered, Record Documents 16, 20, and 22, and Plaintiffs' motion for a temporary restraining order and preliminary injunction against FDSI and FDSI's motion to dismiss are ripe for review. For the reasons stated herein, Plaintiffs' motion for a temporary restraining order and preliminary injunction [Record Document 12] is **DENIED**. FDSI's motion to dismiss [Record Document 13] is **GRANTED**. FDSI's earlier motion to dismiss [Record Document 7] is **DENIED as moot**.

1

### I. Background

Plaintiffs, Odis Henderson, Jr. and Schlandria Henderson, initiated the instant action in Louisiana state court. Record Document 1-2 at 1-4. The case stems from Defendant Town of Greenwood's ("Greenwood") decision to change the zoning of a tract of land adjacent to Plaintiffs' property from residential to commercial. Plaintiffs allege that this decision was a violation Louisiana Revised Statute § 33:4721 and the Due Process Clause of the United States Constitution. Plaintiffs also named the owner of the re-zoned property, FDSI, as a Defendant.

With Greenwood's consent, FDSI removed the case to federal court and filed a motion to dismiss for failure to state a claim. Record Documents 1 and 7. In response, Plaintiffs filed an amended complaint realleging their state law and constitutional claims and additionally seeking a temporary restraining order, preliminary injunction, and permanent injunction. Record Document 12. Plaintiffs state that an injunction is necessary because since filing their original complaint, FDSI has allegedly "begun clearing the property in question and removing the roadway from plaintiffs' property to the public road adjacent to the property and disconnecting the water lines to plaintiff's [sic] property." *Id.* at 4, ¶ 17. FDSI again moved to dismiss all claims against it. Record Document 13.

### II. Law and Analysis

#### A. Supplemental Jurisdiction

Questions regarding subject-matter jurisdiction cannot be forfeited or waived and a federal court may examine the basis of its jurisdiction *sua sponte*. *Zimmerman v. City of Austin*, 969 F.3d 564, 567 (5th Cir. 2020). 28 U.S.C. § 1331 gives federal courts original

jurisdiction over all civil actions arising under the United States Constitution. 28 U.S.C. § 1367 governs the supplemental jurisdiction of the federal courts and provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). A claim forms part of the same case or controversy when the claims "derive from a common nucleus of operative fact." *S J Assoc. Pathologists, P.L.L.C. v. Cigna Healthcare of Tex., Inc.*, 964 F.3d 369, 373 (5th Cir. 2020) (quoting *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008)).

Plaintiffs allege that Greenwood violated their rights under the Due Process Clause and under Louisiana Revised Statute § 33:4721. Thus, the Court has original jurisdiction as to Greenwood based on the federal claim.[1] As to FDSI, however, Plaintiffs' amended complaint is unclear as to the exact claims alleged and the Court's basis for exercising subject matter jurisdiction. The complaint incompletely states that "Plaintiffs show that the actions of defendant FLUID DISPOSAL SPECIALISTS, [sic] INC." Record Document 12 at 2, ¶ 8. This sentence concludes there without enumerating any actions of FDSI and the paragraph has no other content. Elsewhere in the complaint, Plaintiffs generally state that they seek an injunction pursuant to 42 U.S.C. § 1983 and "this court's supplemental

---

[1] By concluding that the Court has jurisdiction over Plaintiffs' claims against Greenwood, the Court is not opining as to whether Plaintiffs have successfully stated a claim against Greenwood.

3

jurisdiction, to prevent violation of [their] rights under state law and/or [their] parallel constitutional rights under the Louisiana Constitution." *Id.* at 3, ¶ 9.

Plaintiffs continue by alleging that FDSI has "begun clearing the property in question and removing the roadway from plaintiffs' property to the public road adjacent to the property and disconnecting the water lines to plaintiff's [sic] property." *Id.* at 4, ¶ 17. Finally, they conclude by requesting an injunction prohibiting "any activity including removal of dirt, destruction of building or property and construction of any building or structures of any kind on the property at issue in this case." *Id.* at 8, ¶ 27c. Based on the aforementioned, it is not clear to the Court whether Plaintiffs' request for an injunction stems from FDSI's current actions on its property that Plaintiffs allege are disrupting their use and enjoyment of their property or whether the request stems from the zoning dispute.

To the extent Plaintiffs intend to bring a claim based on FDSI's alleged infringement on Plaintiffs' use and enjoyment of their property, the Court finds that it is without supplemental jurisdiction to adjudicate such claims. The claim over which the Court has original jurisdiction is the alleged due process violation that occurred when Greenwood re-zoned a portion of FDSI's property from residential to commercial. The operative facts may include Greenwood's rationale for the zoning decision or whether Greenwood gave proper notice and a hearing prior to the decision.[2] *E.g. Shelton v. City of C. Station*, 780 F.2d 475, 482-83 (5th Cir. 1986).

---

[2] The amended complaint does not clearly state whether Plaintiffs claim a violation of their substantive or procedural due process rights. Thus, the Court addresses both.

4

In contrast, Plaintiffs' claims relating to FDSI allegedly disrupting water service and removing access from Plaintiffs' land to the public roadway will be adjudicated based on facts wholly unrelated to the legitimacy of Greenwood's zoning decision. For example, operative facts may include exactly what actions FDSI has taken on its property, how those actions impact Plaintiffs' property, and the existence of easements or right of way agreements which authorize or prohibit FDSI from taking certain actions. Hence, to the extent Plaintiffs bring a claim based on FDSI's current actions on its property infringing Plaintiffs' use and enjoyment of their property, the claim is **DISMISSED without prejudice** for lack of subject matter jurisdiction. Without subject matter jurisdiction, the Court cannot address Plaintiffs' request for injunctive relief as it relates to this claim.

To the extent that Plaintiffs seek an injunction against FDSI while the zoning dispute is adjudicated, the Court does have jurisdiction because either 1) Plaintiffs are directly making a federal claim against FDSI, thus meaning the Court has original jurisdiction under 28 U.S.C. § 1331 or 2) the claims against FDSI related to the re-zoning stem from the same common nucleus of operative fact as the federal claims and the Court has supplemental jurisdiction under § 1367. The Court will therefore consider FDSI's motion to dismiss because if Plaintiffs have failed to state a claim against FDSI, the Court cannot issue an injunction against FDSI.

### B. Rule 12(b)(6) Standard

In order to survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court must accept as true all of the factual allegations in the complaint in determining whether plaintiff has stated a plausible claim. *See Twombly*, 550 U.S. at 555; *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). If a complaint cannot meet this standard, it may be dismissed for failure to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678–79. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A dismissal under 12(b)(6) ends the case "at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.

### C. FDSI's Motion to Dismiss

FDSI contends that Plaintiffs' amended complaint fails to plead a cause of action against it. Record Document 13-1 at 3. First, FDSI argues that Plaintiffs failed to allege a valid state law claim because FDSI is authorized by state law to relocate a servitude of ingress and egress, and even if it had disconnected water lines on its property, this is not unlawful as Plaintiffs have not alleged that they have an easement or right of way agreement. *Id.* at 3-4. Second, FDSI argues that to the extent Plaintiffs intend to bring a claim against it for violation of their constitutional rights, Plaintiffs have failed to state a

6

claim because FDSI is not a state actor subject to suit for violating constitutional rights under 42 U.S.C. § 1983. *Id.* at 4-5. Plaintiffs respond that they have stated a claim for state law trespass. Record Document 20 at 2.

As the Court previously explained, it cannot properly exercise supplemental jurisdiction over claims relating to how FDSI's actions on its property may or not be disrupting Plaintiffs' use and enjoyment of their land because the facts underlying that dispute are unrelated to the zoning dispute which provides the Court with original jurisdiction in this matter. Any facts underlying a state law claim for trespass are also unrelated. Therefore, the Court makes no judgment as to whether Plaintiffs have stated, or could successfully state, a claim for trespass. This claim is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

In the event that Plaintiffs intended to bring a claim against FDSI pursuant to § 1983, they have failed to state a claim. 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . .

Stating a claim under § 1983 requires a plaintiff to demonstrate that there was "(1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor." *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).

In this case, Plaintiffs have failed to allege or state any facts to show that FDSI was a state actor. Hence, Plaintiffs have failed to state a claim for relief pursuant to § 1983,

7

and this claim is **DISMISSED with prejudice**. Without any claims remaining against FDSI, it is **DISMISSED** from the suit, and the Court cannot issue a temporary restraining order or preliminary injunction against it. Therefore, Plaintiffs' motion for a temporary restraining order and preliminary injunction [Record Document 12] is **DENIED**.

### III.   Conclusion

To the extent that Plaintiffs intended to bring a claim against FDSI pursuant to § 1983, FDSI's motion to dismiss [Record Document 13] is **GRANTED** and this claim is **DISMISSED with prejudice**. To the extent that Plaintiffs bring a claim that FDSI is interfering with Plaintiffs' use and enjoyment of their property, the Court lacks jurisdiction and this claim is **DISMISSED without prejudice.** Because Plaintiffs have failed to state a valid federal claim against FDSI, and because the Court lacks subject matter jurisdiction over the state law claims against FDSI, Plaintiffs' motion for a temporary restraining order and preliminary injunction against FDSI [Record Document 12] is **DENIED.** FDSI's earlier motion to dismiss [Record Document 7] is **DENIED as moot**. Plaintiffs' federal and state law claims against Greenwood remain.

**THUS DONE AND SIGNED** this 8th day of October, 2020.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE