**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| ODIS HENDERSON, JR., ET AL. | CIVIL ACTION NO. 20-1030 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| TOWN OF GREENWOOD, ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

Before the Court is Plaintiffs' motion to amend their complaint to remove all federal claims, have the federal claims dismissed with prejudice, and to remand the case to state court. Record Document 33. For the reasons stated herein, Plaintiffs' motion [Record Document 33] is **GRANTED,** and this matter is **REMANDED** to the First Judicial District Court for the Parish of Caddo, State of Louisiana.

**I.    Background**

The case stems from Defendant Town of Greenwood's ("Greenwood") decision to change the zoning of a tract of land adjacent to Plaintiffs' property from residential to commercial. Plaintiffs allege that this decision was a violation Louisiana Revised Statute § 33:4721 and the Due Process Clause of the United States Constitution. Plaintiffs also named the owner of the re-zoned property, Fluid Disposal Specialties, Inc. ("FDSI"), as a Defendant.

With Greenwood's consent, FDSI removed the case to federal court pursuant to 28 U.S.C. § 1441 based on the Court's original federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. Record Documents 1 and 1-3. Once in federal court, FDSI filed a motion to dismiss for failure to state a claim. Record

Document 7. In response, Plaintiffs amended their complaint to add allegations regarding FDSI's actions on the re-zoned property. Record Document 12. Plaintiffs sought a preliminary injunction against FDSI. *Id.* FDSI responded by filing a motion to dismiss, which this Court granted on the grounds that it did not have supplemental jurisdiction over the newly alleged claims against FDSI. Record Document 25. Thus, the only claims remaining at this time are federal and state law claims against Greenwood. Plaintiffs now seek to dismiss with prejudice the federal claims against Greenwood, amend their complaint to reflect that all federal claims have been dismissed, and have the case remanded to state court.

**II.     Law and Analysis**

    **A. Motion to Amend and Motion to Dismiss All Federal Claims**

Plaintiffs seek leave to amend their complaint to remove all federal claims pursuant to Federal Rule of Civil Procedure 15(a). Record Document 33. Plaintiffs originally filed this motion without requesting that the federal claims be dismissed with prejudice, Record Document 30, and Greenwood opposed the motion unless the federal claims were dismissed with prejudice. Record Document 32. Thereafter, Plaintiffs amended and refiled their motion to include a request that all federal claims be dismissed with prejudice. Record Document 33. Because Greenwood consented to the motion to amend on the condition that the federal claims be dismissed with prejudice and Plaintiffs agree that the federal claims should be dismissed with prejudice, Plaintiffs' motion to amend [Record Document 33] is **GRANTED** and all federal law claims against Greenwood are **DISMISSED with prejudice**.

### B. Motion to Remand

Having granted Plaintiffs' motion to dismiss all federal claims with prejudice and to amend their complaint to reflect that dismissal, the Court must consider whether it should continue to exercise supplemental jurisdiction over the remaining state law claims. When a case is removed to federal court based on federal question jurisdiction and the original basis for federal jurisdiction is eliminated, a federal court's jurisdiction is not defeated, but the court must determine whether it should continue to exercise jurisdiction over the state law claims. 28 U.S.C. § 1367(c); *Enochs v. Lampasas Cty.*, 641 F.3d 155, 158-59 (5th Cir. 2011). This analysis should be based on the statutory factors of 28 U.S.C. § 1367(c) and the common law factors of judicial economy, convenience, fairness, and comity. *Enochs*, 641 F.3d at 159. Section 1367 states that a district court may decline to exercise supplemental jurisdiction if 1) the claim raises a novel or complex issue of state law; 2) the claim "substantially predominates over the claim or claims over which the district court has original jurisdiction"; 3) all claims over which the district court has original jurisdiction have been dismissed; or 4) there are other exceptional circumstances or compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

As to the common law factors, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain," the factors generally weigh such that the court should decline to exercise supplemental jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Bias v. Foster,* No. CV 19-743-EWD, 2020 WL 1811369, at *3 (M.D. La. Apr. 9, 2020). Further, "[j]udicial economy favors remand when the district court has devoted 'hardly any federal resources, let alone a significant

amount of resources' to the state law claim at the time the federal claims were dismissed." *Savoy v. Pointe Coupee Par. Police Jury*, No. CIV.A. 15-128-JWD, 2015 WL 3773418, at *3 (M.D. La. June 16, 2015) (quoting *Enochs*, 641 F.3d at 159). "Convenience favors remand when all parties, witnesses, and evidence are located within the jurisdiction of the same state court." *Id.* (citing *Enochs*, 641 F.3d at 160). It is fair for a state court to hear purely state law claims when there is nothing in the record to indicate that either party will be prejudiced by remand. *Enochs*, 641 F. 3d at 160. Comity recognizes that federal courts are courts of limited jurisdiction and "not as well equipped for determinations of state law as are state courts." *Id.* (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 588-89 (5th Cir. 1992)). Finally, while district courts should guard against forum manipulation, a motion to amend a complaint "to delete the federal claims is not a particularly egregious form of forum manipulation, if it is manipulation at all." *Id.*

In this case, the statutory and common law factors favor remand. As § 1367(c)(3) lists as an appropriate reason to decline to exercise supplemental jurisdiction, the Court has dismissed all claims over which it has original jurisdiction. The federal claims were dismissed before a trial date was set and the Court has devoted little, if any, resources to consideration of the state law claims remaining in the suit. This action concerns land in the Town of Greenwood and involves the actions of officials in the Town of Greenwood, so it is convenient to have the case handled in the state court with jurisdiction over the town of Town of Greenwood. There is no evidence in the record that either party would be prejudiced by returning to state court and the state court is best equipped to handle the state law claims at issue. Therefore, the Court declines to exercise supplemental

jurisdiction over the purely state law claims, and Plaintiffs' motion for remand is **GRANTED**.

### III. Conclusion

For the aforementioned reasons, Plaintiffs' motion to amend their complaint [Record Document 33] is **GRANTED**. All federal law claims against Greenwood are **DISMISSED with prejudice.** Plaintiffs' motion to remand is **GRANTED,** and this matter is **REMANDED** to the First Judicial District Court for the Parish of Caddo, State of Louisiana, where it was pending as case number 624798-A.

**THUS DONE AND SIGNED** this 7th day of December, 2020.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE